# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**September 26, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CURTIS C.,**
**Petitioner Below, Petitioner**

**vs.) No. 23-ICA-145**     (Fam. Ct. Raleigh Cnty. No. FC-41-2023-D-106)

**CASEY V.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Curtis C.[1] appeals the Family Court of Raleigh County's March 20, 2023, order that dismissed his petition for the establishment of paternity and/or visitation. The family court held that it would not order children to visit parents who are incarcerated, and that Curtis C. could refile his petition upon his release. Respondent Casey V. did not file a response.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21 of the Rules of Appellate Procedure for resolution in a memorandum decision. For the reasons set forth below, the family court's decision is vacated, and this case is remanded for further proceedings consistent with this decision.

At all relevant times, Curtis C. has been incarcerated. On March 13, 2023, he filed a petition to establish paternity. As part of his petition, Curtis C. filed a proposed parenting plan, requesting that the family court implement video and telephonic contact, with eventual supervised visitation between himself and the child. By order entered on March 20, 2023, the family court dismissed Curtis C.'s petition and stated, "[t]his judge does not order children to visit parents who are incarcerated." It is from this order that Curtis C. now appeals.

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Curtis C. is self-represented.

Our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, __ W. Va. __, __, 887 S.E.2d 255, 258 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Curtis C. raises two assignments of error, which we will address in turn. In his first assignment of error, Curtis C. contends that the family court erred when it dismissed his petition for the establishment of paternity due to his incarceration. We agree. Regarding the establishment of paternity, West Virginia Code §§ 48-24-101(e)(8) (2002) provides that a paternity proceeding may be brought by "[a] man who believes he is the father of a child born out of wedlock when there has been no prior judicial determination of paternity." Further, West Virginia Code § 48-24-103(a) (2002) goes on to state, "[i]f the request is made by a party alleging paternity, the statement shall set forth facts establishing a reasonable possibility or requisite sexual contact between the parties."

These statutes provide that Curtis C. is permitted to bring a paternity action as long as his petition meets the requirements of West Virginia Code § 48-24-103(a). However, in the case at bar, the family court failed to make findings of fact as to why Curtis C.'s paternity test was dismissed, other than merely stating, "[t]his judge does not order children to visit parents who are incarcerated." Simply implementing the preferences of a judge is not a correct procedural application of the law, nor does it address the actual petition before the family court.

Regarding the proper application of the law, West Virginia Code § 48-24-101(c) states as follows:

> The sufficiency of the statement of the material allegations in the complaint set forth as grounds for relief and the grant or denial of the relief prayed for in a particular case shall rest in the sound discretion of the court, to be exercised by the court according to the circumstances and exigencies of the case, having due regard for precedent and the provisions of the statutory law of this state.

While the statute provides the family court with discretion to grant or deny the requested relief, it must first review the grounds set forth in the petition to ensure its sufficiency under § 48-24-103(a).

Further, paternity testing is not tantamount to visitation. The two proceedings are separate. The family court must first determine whether a paternity test is warranted. If warranted, and if testing determines Curtis C. is the child's father, then the family court should proceed to give the parties notice and opportunity to be heard prior to determining whether visitation would be in the child's best interest.

As his second assignment of error, Curtis C. contends that he should have been appointed counsel in this matter. We disagree. West Virginia Code § 48-24-105 (2002) states that "no parent in any proceeding brought pursuant to this article may have counsel appointed for them." It further states that the Bureau for Child Support Enforcement "shall solely represent the State of West Virginia and does not provide any representation to any party." Therefore, we conclude that Curtis C. is not entitled to appointed legal representation in this matter.

Accordingly, we vacate the family court's March 20, 2023, order and remand the matter to the family court with directions to weigh the factors outlined in West Virginia Code §§ 48-24-101 through 48-24-103 and to issue a new order consistent with this decision.

Vacated and Remanded with Directions.

**ISSUED:** September 26, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen